SPRING VALLEY WATER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3727.     Decided November 27, 1926.

Interest paid by a water corporation on borrowed funds used in the construction of a dam may not be included in the cost of the dam in determining the amount deductible as a loss upon its destruction.

*F. F. Thomas, Jr., Esq.*, and *Henry D. Costigan, Esq.*, for the petitioner.

*A. Calder Mackay, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1918 in the amount of $8,562.28, of

which $4,586.94 is in controversy, the balance being admitted by the petitioner to be correct. The question in issue is whether interest paid on funds borrowed for construction of a dam and deducted from income for the years in which paid may, upon destruction of the dam, be included as a part of the cost and deducted as a part of the loss sustained.

### FINDINGS OF FACT.

The petitioner during the years 1913 to 1918, both inclusive, was, and now is, a California public utility corporation engaged in the business of supplying water to the City and County of San Francisco and to the inhabitants thereof. It is privately owned.

As a part of, and for use in, its business the petitioner engaged during the years 1913 to 1918, inclusive, in the construction of a dam on Calaveras Creek, in Alameda County, California.

During the years 1913, 1914 and 1915, the petitioner had outstanding obligations in the form of interest-bearing notes in the amount of $1,075,000, and other interest-bearing indebtedness, amounting to approximately $359,000. The funds covered by these obligations had been borrowed by the petitioner for general corporate purposes and a part of them was used for the construction of the Calaveras Dam.

At the end of each month the petitioner computed interest at the current rate then paid on its notes on the amount theretofore expended in the construction of the Calaveras Dam and charged the amounts thus determined to the Calaveras Dam construction account. The interest so computed amounted to $38,224.51 for the years 1913, 1914 and 1915. The interest paid during those years, totaling an amount which includes the item of $38,224.51, was deducted by the petitioner from gross income in the returns filed, as interest paid for the respective years, and allowed as such deductions by the Commissioner.

On March 24, 1918, a slide occurred at the dam whereby a considerable part of it was destroyed and lost to the petitioner, who was not compensated for the loss. In its income-tax return for the year 1918 the petitioner deducted from its gross income the sum of $460,000, representing the amount of its alleged loss sustained through the destruction of the dam. The Commissioner, in auditing the return filed, increased the net income reported by the sum of $38,224.51, by disallowing the inclusion of that amount in the claimed loss of $460,000.

### OPINION.

ARUNDELL: The sole question for decision is whether the petitioner may include as a part of the loss sustained by the destruction of a dam the interest paid on the borrowed funds used in its construction,

the interest having been claimed and allowed as deductions from gross income in prior years as interest paid.

The petitioner argues that the item of $38,224.51, representing interest during construction of the dam, is a part of the cost of the dam, and, as the basis for deduction of a loss under section 234(a)(4) of the Revenue Act of 1918 is cost, this item is an allowable deduction. The propriety of including so-called carrying charges (taxes and interest) in capital investment in computing gain or loss is concidered and decided in *Westerfield* v. *Rafferty*, 4 Fed. (2d) 590; 5 Am. Fed. Tax Rep. 5342. The taxpayer in that case claimed the right to deduct interest and taxes paid from the sales price of property. The substance of the decision is that these items do not form a part of the cost for the purpose of determining gain or loss, the court saying, in part:

> This leads us to consider what these taxes were and what this interest was.
> To be sure, they are often called "carrying charges," and it goes without question that, in fixing a selling price, most business men include these charges and many other expenditures. * * * Yet taxes and interest, when properly defined, do not really represent anything paid into the capital investment * * *.

The principle announced in that case has been followed by this Board in *Appeal of Columbia Theatre Co.*, 3 B. T. A. 622, 628.

The petitioner says that the *Westerfield* and *Columbia Theatre* cases are not in point, as in neither of them was the taxpayer required by law to capitalize interest as was the taxpayer in the present case. The laws of California (Act of Dec. 23, 1911, c. 14, sec. 48, Stats. 1911, Ex. Sess., p. 18; Act of Apr. 23, 1915, c. 91, sec. 48, Stats. 1915, p. 115) empower the Railroad Commission of the State "* * * to establish a system of accounts to be kept by the public utilities subject to its jurisdiction, or to classify said public utilities and to establish a system of accounts for each class, and to prescribe the manner in which such accounts shall be kept. It may also in its discretion prescribe the forms of accounts, records and memoranda to be kept by such public utilities * * *."

Water corporations, under the California statutes, are included in the classification of public utilities. Pursuant to the authority conferred by the above statute, the Railroad Commission promulgated a "Uniform Classification of Accounts for Water Corporations," which became effective January 1, 1913. In this classification it is provided as a subheading under the general head of "Tangible Capital" as follows:

> C-20. Interest During Construction:
> Charge to this account the interest accrued upon all moneys (and credits available upon demand) acquired for use in connection with the construction and equipment of the property from the time of such acquisition until the construction is ready for use.

The reason for the classification of accounts as prescribed by the Railroad Commission is not shown, nor is it any concern of ours to determine the reason, but obviously it was not for the purpose of determining income within the meaning of the Federal Revenue Acts.

It is also contended that good accounting practice requires the inclusion of interest in determining the cost of property. This contention overlooks that portion of the decision in *Westerfield* v. *Rafferty*, *supra*, holding that interest does not represent anything paid into the capital investment.

> *Judgment will be entered for the Commissioner.*